**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-41031
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERARDO ORTIZ, Also Known as Jerry Ortiz,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:08-CR-31-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Herardo Ortiz appeals the sentence imposed following his conviction by a
jury of conspiracy to possess with intent to distribute in excess of 1,000 kilo-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

grams of marihuana, possession with intent to distribute in excess of 100 kilograms of marihuana, and possession with intent to distribute in excess of 50 kilograms of marihuana. The jury acquitted Ortiz of possession with intent to distribute in excess of 1,000 kilograms of marihuana related to an incident occurring in January 2007. The district court sentenced Ortiz to 200 months of imprisonment and five years of supervised release.

Ortiz argues that the district court clearly erred by determining that he was a leader or organizer of the drug conspiracy for purposes of U.S.S.G. § 3B1.1(a). He also asserts that the court failed to consider the sentencing factors in 18 U.S.C. § 3553(a) or to give an adequate explanation for the sentence. Finally, he contends that the sentence is substantively unreasonable.

Ortiz preserved his objection to the application of § 3B1.1(a). Whether a defendant is a leader or organizer under § 3B1.1 is a factual determination that is reviewed for clear error; such a finding is not clearly erroneous if it is plausible in light of the record as a whole. *See United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005). In making that determination, a district court may consider conduct underlying an acquitted charge if that conduct has been proven by a preponderance of the evidence. *See United States v. Watts*, 519 U.S. 148, 157 (1997).

The trial testimony indicates that Ortiz used his trucking operation to transport marihuana. Ortiz and three of his employees, including his stepson, were stopped carrying loads of marihuana. Additionally, Ortiz oversaw the operation in January 2007 in which portions of a legitimate load being driven by Ortiz's stepson were replaced with marihuana. At least four additional individuals were involved in that operation. The conclusion that Ortiz was a leader or organizer for purposes of § 3B1.1(a) is plausible in light of the record as a whole. *See Villanueva*, 408 F.3d at 204.

For the first time on appeal, Ortiz argues that the district court failed to weigh the § 3553(a) factors or to provide an adequate explanation for the sentence. We review the claim for plain error. *See United States v. Mondragon-*

*Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) (internal quotation marks and citation omitted), *cert. denied*, 2009 U.S. LEXIS 6109 (U.S. Oct. 5, 2009). To establish plain error, Ortiz must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The trial transcript reflects that the district court implicitly considered the § 3553(a) factors and provided an explanation for its sentence. Accordingly, Ortiz has not demonstrated that the court plainly erred in determining and explaining the sentence. *See id.*

Ortiz also urges, for the first time on appeal, that the sentence is substantively unreasonable. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008). He contends that because the district court considered him to be a leader or organizer of the conspiracy, the sentence is greater than necessary to satisfy the objectives of sentencing.

The court properly calculated the advisory guidelines range and imposed a sentence in the middle of that range. Thus, that sentence is presumed reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Ortiz has not demonstrated that the court plainly erred by imposing the within-guidelines sentence. *See Peltier*, 505 F.3d at 391-92. Accordingly, the judgment of sentence is AFFIRMED.